J-S24012-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| TYQUAN J. SMITH | : | |
| | : | |
| Appellant | : | No. 1437 MDA 2022 |

Appeal from the Judgment of Sentence Entered July 12, 2022
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s): CP-40-CR-0002677-2020

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| TYQUAN JAMEL SMITH | : | |
| | : | |
| Appellant | : | No. 1438 MDA 2022 |

Appeal from the Judgment of Sentence Entered July 12, 2022
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s): CP-40-CR-0000413-2021

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| TYQUAN J. SMITH | : | |
| | : | |
| Appellant | : | No. 1439 MDA 2022 |

Appeal from the Judgment of Sentence Entered July 12, 2022
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s): CP-40-CR-0004015-2021

BEFORE:   BENDER, P.J.E., LAZARUS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BENDER, P.J.E.:                    **FILED SEPTEMBER 07, 2023**

Appellant, Tyquan J. Smith, appeals from the aggregate judgment of sentence of 36 to 84 months' incarceration, and a concurrent term of 6 months' probation, imposed after he pled guilty, in three separate cases, to aggravated assault (18 Pa.C.S. § 2702(a)(4)), carrying a firearm without a license (18 Pa.C.S. § 6106(a)(1)), unauthorized use of a motor vehicle (18 Pa.C.S. § 3928(a)), and driving without a license (75 Pa.C.S. § 1501(a)).  On appeal, Appellant seeks to challenge the discretionary aspects of his sentence, arguing that the court abused its discretion by failing to consider mitigating factors in fashioning a sentence at the high end of the standard guideline range.  Additionally, Appellant's counsel, Matthew P. Kelly, Esq., seeks to withdraw his representation of Appellant pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).  After careful review, we affirm Appellant's judgment of sentence and grant counsel's petition to withdraw.

The facts of Appellant's underlying convictions are not pertinent to our disposition of his present appeal.  We need only note that Appellant pled guilty to the above-stated offenses and was sentenced on July 12, 2022, to the term set forth *supra*.  He filed a timely, post-sentence motion, which the court

_____

[*] Former Justice specially assigned to the Superior Court.

denied. Appellant then filed timely, *pro se* notices of appeal.[1] After conducting a hearing pursuant to **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1988), the court appointed Attorney Kelly to represent Appellant herein. Attorney Kelly subsequently filed a Pa.R.A.P. 1925(b) statement on Appellant's behalf, preserving the following, single issue for our review: "Whether the trial court abused its discretion in failing to consider that [Appellant pled] guilty to the above offenses and accepted responsibility for his actions. [Appellant] alleges that the trial court committed an abuse of discretion in sentencing him to the high end of the standard range of the sentencing guidelines." Pa.R.A.P. 1925(b) Statement, 11/4/22, at 1 (single page). The trial court filed its Rule 1925(a) opinion on December 2, 2022.

_____

[1] On October 11, 2022, Appellant filed three *pro se* notices of appeal, each listing all three trial court docket numbers. On October 14, 2022, this Court received from the trial court clerk of courts three notices of appeal docketed at Nos. 1437-39 MDA 2022. On November 18, 2022, this Court granted Appellant's November 16, 2022 motion to consolidate the appeals. In **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018), the Pennsylvania Supreme Court held that appellants are required to file separate notices of appeal when a single order resolves issues arising on more than one lower court docket. The decision applies to all cases filed after June 1, 2018.

However, in **Commonwealth v. Stansbury**, 219 A.3d 157 (Pa. Super. 2019), this Court concluded that a breakdown in the courts occurs when a PCRA court advises petitioners that they can pursue appellate review by filing a single notice of appeal, even though the order disposes of petitions pending at multiple docket numbers. **See also Commonwealth v. Larkin**, 235 A.3d 350, 352-54 (Pa. Super. 2020) (*en banc*) (reaffirming **Stansbury**). Upon review of the record, the September 13, 2022 order denying Appellant's post-sentence motions gave notice that "he has the right to appeal this Order by filing **a Notice of Appeal**[.]" Trial Court Order, 9/13/22 (emphasis added). Accordingly, we find that there was a breakdown in the courts as per **Stansbury** and **Larkin**, and we allow this appeal to proceed.

On April 12, 2023, Attorney Kelly filed with this Court a petition to withdraw from representing Appellant. That same day, counsel also filed an **Anders** brief, discussing the sentencing claims that Appellant preserved in his Rule 1925(b) statement. Attorney Kelly concludes that these challenges are frivolous, and that Appellant has no other, non-frivolous issues he could pursue herein. Accordingly,

> this Court must first pass upon counsel's petition to withdraw before reviewing the merits of the underlying issues presented by [the appellant]. **Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*).
>
> Prior to withdrawing as counsel on a direct appeal under **Anders**, counsel must file a brief that meets the requirements established by our Supreme Court in **Santiago**. The brief must:
>
>> (1) provide a summary of the procedural history and facts, with citations to the record;
>>
>> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>>
>> (3) set forth counsel's conclusion that the appeal is frivolous; and
>>
>> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.
>
> **Santiago**, 978 A.2d at 361. Counsel also must provide a copy of the **Anders** brief to his client. Attending the brief must be a letter that advises the client of his right to: "(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the **Anders** brief." **Commonwealth v. Nischan**, 928 A.2d 349, 353 (Pa. Super. 2007), *appeal denied*, … 936 A.2d 40 ([Pa.] 2007).

*Commonwealth v. Orellana*, 86 A.3d 877, 879-80 (Pa. Super. 2014). After determining that counsel has satisfied these technical requirements of *Anders* and *Santiago*, this Court must then "conduct a simple review of the record to ascertain if there appear[s] on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated." *Commonwealth v. Dempster*, 187 A.3d 266, 272 (Pa. Super. 2018) (*en banc*).

In this case, Attorney Kelly's *Anders* brief complies with the above-stated requirements. Namely, he includes a summary of the relevant factual and procedural history, he refers to portions of the record that could arguably support Appellant's claims, and he sets forth his conclusion that Appellant's appeal is frivolous. He also explains his reasons for reaching that determination, and he supports his rationale with citations to the record and pertinent legal authority. Attorney Kelly also states in his petition to withdraw that he has supplied Appellant with a copy of his *Anders* brief. Additionally, counsel filed with this Court a separate copy of a letter directed to Appellant, in which he informed Appellant of the rights enumerated in *Nischan*. Accordingly, counsel has complied with the technical requirements for withdrawal. We will now independently review the record to determine if Appellant's sentencing challenges are frivolous, and to ascertain if there are any other, non-frivolous issues he could pursue on appeal.

In reviewing Appellant's sentencing arguments, we have considered Attorney Kelly's **Anders** brief,[2] the certified record, and the applicable law. We have also assessed the opinion authored by the Honorable David W. Lupas of the Court of Common Pleas of Luzerne County. We conclude that Judge Lupas' well-reasoned decision adequately addresses Appellant's sentencing arguments, and demonstrates that Appellant's raising these claims on appeal would be frivolous. **See** Trial Court Opinion, 12/2/22, at 2-5. Additionally, our review of the record reveals no other, non-frivolous claims that Appellant could pursue herein. Thus, we affirm his judgment of sentence and grant counsel's petition to withdraw.

Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 09/07/2023

---

[2] The Commonwealth filed a letter notifying this Court that it would not be filing an appellee's brief in this case.

COMMONWEALTH OF PENNSYLVANIA
11TH JUDICIAL DISTRICT

COMMONWEALTH OF PENNSYLVANIA : IN THE COURT OF COMMON PLEAS
: OF LUZERNE COUNTY
:
v. :
: CRIMINAL DIVISION
TYQUAN JAMEL SMITH, :
:
Defendant / Appellant : No. 2677 of 2020; 4013, 4015 of 2021

---

## ORDER

**AND NOW**, this 2nd day of December 2022, upon review of the record in the above-captioned case, IT IS HEREBY DIRECTED that the attached Opinion is entered pursuant to Pa.R.A.P. 1925(a) in response to the Defendant's Concise Statement of Errors Complained of on Appeal.

The Clerk of Courts of Luzerne County is hereby ORDERED and DIRECTED to transmit the entire record in this case to the Superior Court of Pennsylvania, and shall serve a copy of this Order and Opinion on all counsel of record pursuant to Pa.R.Crim.P. 114.

BY THE COURT:

_____
DAVID W. LUPAS, J.

Copies:

District Attorney Samuel Sanguedolce
Matthew P. Kelly, Esquire

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE COURT OF COMMON PLEAS |
| | : | OF LUZERNE COUNTY |
| | : | |
| v. | : | |
| | : | CRIMINAL DIVISION |
| TYQUAN JAMEL SMITH, | : | |
| | : | 413 |
| Defendant / Appellant | : | No. 2677 of 2020; 4013, 4015 of 2021 |

## O P I N I O N

BY:   THE HONORABLE DAVID W. LUPAS

### I.   FACTS AND PROCEDURAL HISTORY:

The above named Defendant pleaded guilty to unlawfully carrying a concealed weapon without a permit; unauthorized use of a motor vehicle and driving without a license; and aggravated assault (causing or attempting to cause bodily injury with a deadly weapon). With the benefit of a pre-sentence investigation (PSI) report, the Court sentenced the Defendant on July 12, 2022, to the following standard range sentences: 36 to 84 months' imprisonment in a state correctional institution at case 2677 of 2020; 6 months' probation at case 4013 of 2021, concurrent to the sentence imposed at case 2677 of 2020; and 18 to 36 months' imprisonment at case 4015 of 2021, concurrent to the sentence imposed at case 2677 of 2020.

On July 14, 2022, the Defendant filed a post-sentence motion asking the Court to reduce his minimum sentence at case 2677 of 2020 from 36 months to a lesser amount of time. Motion filed 7/14/2022. By Order dated September 13, 2022, this Court denied the motion to reduce the Defendant's sentence.

On October 11, 2022, the Defendant filed a *pro-se* notice of appeal. Following an October 24, 2022 hearing pursuant to *Commonwealth v. Grazier*, 713 A.2d 81 (Pa. 1988),

1

Attorney Matthew Kelly was appointed to represent the Defendant, and a Pennsylvania Rule of Appellate Procedure 1925(b) Statement was filed on the Defendant's behalf on November 4, 2022.

## II.    LAW AND DISCUSSION:

The Defendant's 1925(b) statement asks the following:

> Whether the trial court abused its discretion in failing to consider that the Defendant plead guilty to the above offenses and accepted responsibility for his actions. Defendant alleges that the trial court committed an abuse of discretion in sentencing him to the high end of the standard range of the sentencing guidelines.

Rule 1925(b) Statement filed 11/4/22. Such an allegation is not appealable as of right. *Commonwealth v. Moser*, 283 A.3d 850, 858 (Pa. Super. 2022) ("Challenges to the discretionary aspects of sentence are not appealable as of right."). As the Superior Court has explained:

> [A]n appellant challenging the sentencing court's discretion must invoke [the Superior Court's] jurisdiction by (1) filing a timely notice of appeal; (2) properly preserving the issue at sentencing or in a motion to reconsider and modify the sentence; (3) complying with Pa.R.A.P. 2119(f), which requires a separate section of the brief setting forth a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence; and (4) presenting a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S. § 9781(b), or sentencing norms. *Id*. An appellant must satisfy all four requirements. *Commonwealth v. Austin*, 66 A.3d 798, 808 (Pa. Super. 2013).

*Moser*, 283 A.3d at 858 (Pa. Super. 2022) (citing *Commonwealth v. Miller*, 275 A.3d 530, 534 (Pa. Super. 2022)).

In the instant case, the Defendant filed a timely notice of appeal, meeting the first requirement to invoke the Superior Court's jurisdiction. As to the second requirement, that the Defendant properly preserve issues at sentencing or in a motion to reconsider and modify the sentence, the Defendant has preserved the Rule 1925(b) statement's allegation that this Court "failed to consider that the Defendant plead guilty to the above offenses and accepted

responsibility for his actions" by the filing of the Defendant's post-sentence, which, *inter alia*, sought reduction of the Defendant's sentence because he accepted responsibility for his conduct, and pled guilty as opposed to going to trial. Motion for Modification of Sentence filed 7/14/22. With regard to the Defendant's assertion that "the trial court committed an abuse of discretion in sentencing [the Defendant] to the high end of the standard range of the sentencing guidelines," although the Defendant did not specifically complain of the high end at the time of sentencing or in the Defendant's post-sentence motion, we construe this allegation to be part of the Defendant's overarching assertion that the Court failed to properly consider mitigating factors, rendering the Defendant's sentence unreasonable.

With regard to the third requirement for invoking the Superior Court's jurisdiction, the Defendant's brief to the Superior Court must comply with Pa.R.A.P. 2119(f), which directs that the brief include a separate section setting forth a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence.

As to the fourth requirement for invoking jurisdiction, that the Defendant present a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S. § 9781(b), or sentencing norms, we suggest that the Defendant's current assertion does not present a substantial question.

As the Superior Court has explained:

> [A]n allegation that a sentencing court "did not adequately consider certain factors does not raise a substantial question that the sentence was inappropriate." *Commonwealth v. Cruz-Centeno*, 447 Pa. Super. 98, 668 A.2d 536, 545 (1995) (citation and internal quotation marks omitted). See also *Commonwealth v. Rhoades*, 8 A.3d 912, 918-19 (Pa. Super. 2010) (stating "an allegation that the sentencing court failed to consider mitigating factors generally does not raise a substantial question for our review"); *Commonwealth v. Williams*, 386 Pa. Super. 322, 562 A.2d 1385, 1388 (1989) (en banc) (concluding that an allegation that the sentencing court did not adequately consider various factors is,

3

in effect, a request that this court substitute its judgment for that of the lower court in fashioning a defendant's sentence).

*Commonwealth v. Clary*, 226 A.3d 571, 580 (Pa. Super. 2020), reargument denied (Mar. 3, 2020), appeal denied, 281 A.3d 302 (Pa. 2022) (wherein the defendant challenged the discretionary aspects of his sentence, arguing that the court improperly analyzed certain mitigating sentencing factors and imposed a manifestly excessive and unreasonable sentence). See also *Commonwealth v. Foster*, 420 MDA 2019, 2019 WL 5168647, at *3 (Pa. Super. Oct. 15, 2019) (holding that challenge to the trial court's purported failure to consider Foster's decision to plead guilty to the crimes did not present a substantial question);[1] *Commonwealth v. Kane*, 10 A.3d 327, 336 (Pa. Super. 2010); *Commonwealth v. Downing*, 990 A.2d 788, 794 (Pa. Super. 2010).

However, even if the Honorable Superior Court found the existence of a substantial question, a sentence should not be disturbed on appeal absent a manifest abuse of discretion. An abuse of discretion is not shown merely by an error in judgment. Rather, the Defendant must establish, by appropriate reference to the record, that the sentencing judge ignored or misapplied the law, exercised his judgment for reasons of partiality, prejudice, bias, or ill-will, or arrived at a manifestly unreasonable decision. *Commonwealth v. Zurburg*, 937 A.2d 1131 (Pa. Super. 2007). Additionally, "where a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code." *Commonwealth v. Moury*, 992 A.2d 162, 171 (Pa. Super. 2010). Also, "where the sentencing court imposed a standard-range sentence with the benefit of a [PSI] report, we will not consider the sentence excessive." *Commonwealth v. Corley*, 31 A.3d 293, 298 (Pa. Super. 2011) (citation omitted). "In those

---

[1] Unpublished non-precedential memorandum decisions of the Superior Court filed after May 1, 2019, may be cited for their persuasive value. Pa.R.A.P. 126(b); PA ST SUPER CT IOP § 65.37.

4

circumstances, we can assume the sentencing court was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." *Id.* (citation and internal quotation omitted). See also *Commonwealth v. Miller*, 275 A.3d 530, 535 (Pa. Super. 2022) (citing *Commonwealth v. Ventura*, 975 A.2d 1128, 1135 (Pa. Super. 2009)) (Where a sentencing court is informed by a PSI, "it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed."

As a review of the record reflects, when sentencing the Defendant, the Court acknowledged the Defendant's decision to plead guilty and recognized his remorse. N.T. 7/12/22 at 7. Additionally, the Court indicated that it had considered the nature of the offenses, the serious injuries to the victims and the impact of the offenses on the victims, and the rehabilitative needs of the Defendant. *Id.* at 6-7. Based on such record, the Defendant cannot establish that the Court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias, or ill-will, or arrived at a manifestly unreasonable decision. Instead, the record reflects that the Court was more than justified in imposing the above standard range sentence, which should be affirmed on appeal.

**END OF OPINION**